UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVEDEEP ARORA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No. 25-cv-07064-RFL<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 19 |

Arora states that he fled India after being beaten and shot over his political and religious beliefs. He crossed the border from Mexico into Arizona in November 2021. Immigration officers immediately detained him and then issued a Form I-860, entitled "Notice and Order of Expedited Removal." (*See* Dkt. No. 30-3.) The top portion of the Form I-860 (entitled "Determination of Inadmissibility") shows that he was determined to be inadmissible on November 26. Arora, however, expressed a fear of persecution if returned to India. When a noncitizen expresses such a fear, no expedited removal is permitted unless an asylum officer first interviews them about their fear and finds the fear not to be credible (a proceeding known as a Credible Fear Interview ("CFI")). *See* 8 U.S.C. §§ 1225(b)(1)(A)(i)-(ii), (b)(1)(B)(i), (iii)(I). But no CFI was held or scheduled at that time. Accordingly, the bottom portion of Arora's Form I-860 (entitled "Order of Removal") was not completed, and no order of expedited removal was issued. Instead, in early December 2021, Arora was released on his own recognizance. Following his release, Arora settled in California. In January 2022, he filed an asylum application. And in September 2022, he obtained employment authorization. Over the next few years, he worked as a cashier and attended all required immigration check-in meetings.

In June 2025, Defendants dismissed Arora's asylum application on the basis that he was subject to expedited removal, based on the Form I-860 issued in November 2021 when he first entered the country. About a month and a half later, Defendants scheduled him for a CFI. Defendants ultimately rescheduled the CFI for October 15. In the meantime, Arora commenced this action. Counsel then conferred, and according to Arora, counsel for Defendants represented that the October 15 CFI would be rescheduled. Accordingly, Arora did not attend the CFI. Two days later, Arora reported for an immigration check-in meeting, and immigration officers detained him, apparently for failing to attend the October 15 CFI.

Arora now moves for issuance of a temporary restraining order to enjoin Defendants from: (1) conducting a CFI; (2) removing him pursuant to any issued order of expedited removal; (3) taking any adverse action against him based on his failure to appear for a CFI; (4) detaining him based solely on an expedited removal order; and (5) declining to adjudicate his asylum application on the merits. (*See* Dkt. Nos. 19 (the "Motion"), 19-1.) Because this Court lacks jurisdiction over Arora's claims, the Motion is **DENIED**.

All of Arora's claims challenge Defendants' authority to subject him to the expedited removal process or to effectuate an order of expedited removal. (*See* Dkt. No. 12.) Congress has stripped federal courts of jurisdiction to hear these kinds of claims outside of certain limited *habeas corpus* proceedings. To the extent Arora challenges the enforcement of a future order of expedited removal, federal courts may not review any "cause or claim arising from or relating to the implementation or operation of an order of [expedited] removal." *See* 8 U.S.C. § 1252(a)(2)(A)(i). And to the extent he challenges Defendants' attempts to schedule a CFI as a preliminary step in the process of issuing an order of expedited removal, federal courts may not review "a decision by the Attorney General to invoke the [expedited removal] provisions[, . . .] the application of [those provisions] to individual aliens, . . . [or the] procedures and policies adopted by the Attorney General to implement the [expedited removal] provisions." *See id.* §§ 1252(a)(2)(A)(ii)-(iv). "The plain text of [these jurisdiction stripping provisions] comprehensively bars judicial review of matters relating to expedited removal orders [and] . . .

accomplishes this result by enumerating four categories of matters relating to expedited removal orders that, taken together, cover every aspect of the expedited removal process." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1154 (9th Cir. 2022) (citations omitted).

Accordingly, the Motion is **DENIED**. Because it lacks jurisdiction, the Court does not reach Defendants' remaining arguments for denial of the Motion. By **January 15, 2026**, Arora is **ORDERED** to either voluntarily dismiss this action or show cause in writing (in a brief not to exceed five pages) why the action should not be dismissed for lack of jurisdiction. If Arora files a brief, then Defendants may file a response, not to exceed five pages, by **January 29, 2026**. The prior order barring Defendants from removing Plaintiff from the United States is extended and remains in place while the case is pending. (*See* Dkt. No. 28.)

**IT IS SO ORDERED.**

Dated: December 16, 2025

RITA F. LIN
United States District Judge